**TALBOT–TOBIN CONTRACTING COMPANY, Appellant,**

v.

**Charles E. STORY, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

Earl T. Osborne, Benton, for appellant.

A. Joe Asher, Prince, Asher & Prince, Benton, for appellee.

MONTGOMERY, Judge.

This action was brought by Charles E. Story, as a subcontractor, against Talbot-Tobin Contracting Company to recover the balance due under a contract. Story received judgment in the sum of $7,747.52.

Talbot-Tobin Contracting Company was the prime contractor with the Commonwealth of Kentucky, Department of Highways, for the construction of a highway between Gilbertsville and Reidland. Appellant entered into a written contract with Story, the appellee, by which the latter agreed "to perform certain parts of the work provided for in said contract, to wit:

Approximately 426.13 c. y. concrete headwalls @ $40.95 per c. y.

Approximately 3194 c. y. Excavation for headwalls @ 2.50 per c. y."

It was further provided "that all of the terms and conditions, as covered by the plans and specifications, of the contract between the second party (appellant) and the Commonwealth of Kentucky, Department of Highways, are made a part of this contract the same as if copied herein. Said plans and specifications are available in our office for the information and guidance of all parties."

The contract between appellant and the Highway Department provided that all work performed should be "in strict conformity with the plans and specifications therefor prepared by the Department of Highways. Said plans and specifications, as verified by the Department, are attached hereto and made a part of this contract the same as if expressly copied in full herein."

It is the contention of appellant that the work was to be compensated for on a unit price basis, that is, the cubic yard, the amounts given in the contract were only approximations, and the number of cubic yards was to be determined in accordance with the standard construction specifications of the Highway Department. Appellant urges that the Department contract incorporated the specifications by reference and the contract with the appellee then incorporated the Department contract with specifications also by reference into it. Appellee insists that he was to be paid for the amount of dirt he excavated for appellant without regard to the method of measurement under the Department contract or specifications.

The trial court accepted appellee's theory and submitted the case on an interrogatory by which the jury was to determine the amount of dirt removed in the excavations for the headwalls. The jury found that appellee excavated 3,194 cubic yards of dirt, and judgment was rendered accordingly.

Appellant objected to submission of the case in such manner, insisting that the court should have instructed the jury that the Department specifications were a part of the contract, and that appellee could recover only for the amount of dirt removed, as determined in accordance with the Department specifications.

The contract sued on is ambiguous with reference to the amount of dirt to be excavated. Appellee's evidence was to the effect that appellant had represented from the plans that approximately 3,194 cubic yards of dirt were to be excavated for the headwalls and that the contract was prepared and agreed to on such basis. Appellant urges that the contract, by reference, incorporates the Department contract and specifications under which the amount of dirt excavated was determined to be 791 cubic yards. The difference between 3,194 cubic yards and 791 cubic yards is so much that the ambiguity as to amount of dirt to be removed can be resolved only by a jury

after hearing the evidence and determining the true intention of the parties to the contract. Thus, the error of the court in rejecting appellant's evidence concerning the Department contract and specifications and the proof of performance thereunder, and failing to instruct thereon, becomes plain.

The complaint of appellant that appellee failed to plead and prove the amount of dirt removed by the Department's method of measurement is without merit. Appellant's proof showed the amount of dirt removed to be far in excess of the amount removed, as measured by the Department. Further, under appellant's construction of the contract sued on, the measurement method was embodied in the contract.

The sufficiency of the testimony of appellee as to the amount of dirt excavated is questioned. Appellee gave an estimate as to the number of cubic yards of dirt removed per header and an estimate as to the total amount removed. The character of appellee's proof is a matter for the jury to consider and is deemed sufficient on which to submit the case. Other alleged errors have been considered and have been found without merit.

Judgment reversed, with direction to award a new trial consistent herewith.